**NOBLE ENERGY, INC., Appellant**

v.

**Sally JEWELL, in her official capacity as Secretary of Interior, et al., Appellees.**

**No. 15-5202**
**September Term, 2015**

United States Court of Appeals, District of Columbia Circuit.

Filed On: April 29, 2016

Bradley Keith Ervin, Steven J. Rosenbaum, Covington & Burling LLP, Washington, DC, for Plaintiff–Appellant.

Lane N. McFadden, Esquire, Attorney, U.S. Department of Justice, (DOJ) Environment and Natural Resources Division, Washington, DC, for Defendants–Appellees.

Before: Tatel, Srinivasan and Wilkins, Circuit Judges.

**10**

## JUDGMENT

PER CURIAM

This appeal of a decision of the United States District Court for the District of Columbia was presented to the Court, and briefed and argued by counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the District Court's determination be affirmed.

The District Court's grant of summary judgment was proper. Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "In a case like the instant one, in which the District Court reviewed an agency action under the [Administrative Procedure Act], we review the administrative action directly, according no particular deference to the judgment of the District Court." *Holland v. Nat'l Mining Ass'n*, 309 F.3d 808, 814 (D.C. Cir. 2002). However, after reviewing the record, it is clear that the Bureau of Safety and Environmental Enforcement's ("BSEE") decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

In 1979, Noble Energy, Inc.[1] ("Noble") acquired a lease granting it the right to drill for, develop, and produce natural gas on submerged lands off the coast of California. Pursuant to this lease, Noble drilled an exploratory well, OCS-P320, No. 2 ("Well 320-2") off the coast of California. After discovering oil and gas in commercial quantities, Noble temporarily plugged Well 320-2. Following its temporary plug-

ging of the well, Noble received multiple suspensions of the lease. Noble received its final suspension in 1999, which a California federal district court revoked for failure to address the suspension's consistency with California's coastal management plan. *See Calif. ex rel. Calif. Coastal Comm'n v. Norton*, 150 F.Supp.2d 1046, 1053, 1057 (N.D. Cal. 2001), *aff'd* 311 F.3d 1162, 1173 (9th Cir. 2002). Following the court's order, the government did not conduct any consistency determination, and Noble and other lessees sued for breach of contract. In 2006, the Court of Federal Claims found that the Government had breached the lease agreement, and in 2008, the Federal Circuit affirmed. *See Amber Res. Co v. United States*, 538 F.3d 1358, 1371–74 (Fed. Cir. 2008), *aff'g* 73 Fed.Cl. 738 (2006) and 68 Fed.Cl. 535 (2005). As a result of the Government's breach, Noble was "discharged from all obligations arising from [its] lease agreement[ ]." *Noble Energy, Inc. v. Salazar*, 671 F.3d 1241, 1243 (D.C. Cir. 2012).

Notwithstanding the discharge of all contractual obligations, in 2009, the Minerals Management Service[2] ordered Noble to permanently plug and abandon Well 320-2. Noble challenged that order, contending that the Government's breach relieved it of any regulatory obligations to plug the well. In a previous opinion addressing that challenge, we said that "[r]esolution of this dispute depends on what the plugging regulations mean" and remanded the case to the agency to allow it to determine whether the regulations at issue imposed an obligation to plug Well 320-2 independent of Noble's lease agreement. *Noble Energy*, 671 F.3d at 1245. In an April 9, 2014 Order, the BSEE "determined that the regulations impose decommissioning obligations independent of the

---

**1.** For ease of reference, we refer to Noble Energy, Inc. and its predecessors as "Noble."

**2.** The Minerals Management Service was BSEE's predecessor agency.

contractual obligations in the lease" that "continue post-breach and require Noble Energy to permanently plug the well." J.A. 159. Noble challenges that determination, once again arguing that the government's breach of the lease agreement discharged Noble's obligations to permanently plug Well 320-2. As we stated previously, "[i]f the regulations impose an obligation to plug Well 320-2 regardless of the government's breach of the lease contract, Noble's argument fails. If the regulations release the duty to plug once the government materially breaches the lease agreement, then Noble prevails." *Noble Energy*, 671 F.3d at 1245. BSEE has determined that the regulations operate independently from any lease agreement and impose an independent obligation on Noble to permanently plug Well 320-2. An agency's interpretation of its regulations is "controlling unless plainly erroneous or inconsistent with the regulation," *Auer v. Robbins*, 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (internal quotation marks omitted), and BSEE's interpretation of its regulation satisfies that standard. Because Noble has a regulatory obligation independent of its contractual obligation to permanently plug Well 320-2, there is no conflict between the regulations and the common law of discharge, and *United States v. Texas*, 507 U.S. 529, 113 S.Ct. 1631, 123 L.Ed.2d 245 (1993), does not apply. Accordingly, the judgment of the District Court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.